# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Ralph Wayne Angle,                                                                            Case No. 4:15CV1350

                          Petitioner

            v.                                                                         **ORDER**

United States of America,

                          Respondent

This is a federal prisoner's habeas corpus case under 28 U.S.C. § 2241.

The petitioner, Ralph Angle, was convicted in the United States District Court for the Northern District of Indiana of attempted receipt of child pornography, possession of child pornography, and attempting to solicit a minor, via the Internet and telephone, to engage in sexual activity. *U.S. v. Angle*, 234 F.3d 326 (7th Cir. 2000). He ultimately received a 300-month prison term. *U.S. v. Angle*, 598 F.3d 352 (7th Cir. 2010).

Angle's many attempts to overturn his convictions and sentences, on direct appeal or via collateral attacks under 28 U.S.C. §§ 2241 and 2255, have been uniformly unsuccessfully. *E.g.*, *Angle v. U.S.*, 2015 WL 5056018 (N.D. Ohio) (Gaughan, J.) (denying emergency habeas relief); *Angle v. U.S.*, 2015 WL 4664092 (N.D. Ohio) (Carr, J.) (denying separate emergency habeas petition); *Angle v. U.S.*, 2015 WL 3650705 (N.D. Ohio) (Carr, J.) (denying § 2241 petition); *see also* Doc. 339, *Angle v. U.S.*, Case No. 2:98-cr-37 (N.D. Ind.) (denying first § 2255 motion).

Pending is Angle's most recent § 2241 petition. (Doc. 1). It alleges that, in light of two Seventh Circuit decisions post-dating his trial, he is "actually innocent" of violating 18 U.S.C. § 2422(b), the solicitation-of-a-minor statute.

According to Angle, the Seventh Circuit's decisions in *U.S. v. Chambers*, 642 F.3d 588 (7th Cir. 2011), and *U.S. v. Berg*, 640 F.3d239 (7th Cir. 2011), adopted a categorical rule that "mere sexually explicit talk" is never sufficient to prove the "substantial step" needed for a conviction of attempted solicitation of a minor. And because the government allegedly proved nothing more than Angle engaged in such talk with his victim, Angle contends he did not commit an offense under § 2422(b).

In general, "[a] federal prisoner must challenge the legality of his detention by motion under 28 U.S.C. § 2255[,]" rather than by petition under § 2241. *Wooten v. Cauley*, 677 F.3d 303, 306 (6th Cir. 2012).

But in narrow circumstances "a federal prisoner may challenge the validity of his conviction or sentence under Section 2241 if Section 2255 is inadequate or ineffective to test the legality of his detention[.]" *Carbajal-Martinez v. U.S.*, 2013 WL 237524, *2 (N.D. Ohio) (Zouhary, J.); *see also* 28 U.S.C. § 2255(e).

The Sixth Circuit has held this "savings clause" applies only when "a petitioner demonstrates actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255." *Johnson v. Hansen*, 2015 WL 8445012, *1 (N.D. Ohio) (Nugent, J.).

2

"Actual innocence means factual innocence," as opposed to mere insufficient evidence. *Id.*, at *2. "[T]he petitioner must demonstrate it is more likely than not that no reasonable juror would have convicted him." *Id.*

Here, Angle cannot proceed under § 2241 for at least three reasons.

First, he does not cite any U.S. Supreme Court case redefining what constitutes a "substantial step" toward solicitation of a minor. Rather, he relies on circuit precedent, which is insufficient to invoke the savings clause. *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("savings clause has only been applied to claims of actual innocence based upon *Supreme Court decisions* announcing new rules of statutory construction") (emphasis added).

Second, even assuming circuit precedent were relevant, the Seventh Circuit decisions on which Angle relies did not announce a new standard for determining whether a defendant's conduct was illegal under § 2422(b).

Rather, *Berg* and *Chambers* were sufficiency-of-the-evidence cases, where the court applied existing legal standards to determine what evidence was – or was not – sufficient in a given case to prove a defendant's guilt.

That is an important distinction, because only cases redefining what constitutes an offense under a given statute provide a basis for invoking the safety valve and proceeding under § 2241. *E.g.*, *U.S. v. Santos*, 553 U.S. 507 (2008) (narrowing interpretation of "proceeds" in money-laundering statute); *Bailey v. U.S.*, 516 U.S. 137 (1998) (narrowing interpretation of "use" of a firearm for purposes of 18 U.S.C. § 924(c)(1)); *see also Bousley v. U.S.*, 523 U.S. 614, 620-24 (1998).

In any event, Angle is wrong to contend *Berg* and *Chambers* adopted a categorical that "mere sexually explicit talk" is never sufficient to prove a "substantial step." *See Berg, supra*, 640 F.3d at 247 (rejecting defendant's argument that Seventh Circuit case law "holds that explicit sexual communications are over the Internet are insufficient evidence of intent" in § 2422(b) prosecution).

Third, Angle could have relied on *Chambers* and *Burg* in litigating his § 2255 motion.

Burg filed the motion in May, 2011, more than a month after the Seventh Circuit decided *Berg*. The district court did not deny relief until November, 2013 – nearly two-and-a-half years after the Seventh Circuit decided *Chambers*. These cases, whatever they might have been worth to Angle, were therefore available during his first collateral attack.

**Conclusion**

It is, therefore

ORDERED THAT:

1.    Angle's habeas corpus petition under 28 U.S.C. § 2241 (Doc. 1) be, and the same hereby is, denied.

2.    I certify, in accordance with 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and shall not be allowed absent prepayment of the filing fee.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge

4